JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE PURTSELADZE,<br><br>             Plaintiff,<br><br>      v.<br><br>STANLEY BLACK & DECKER, INC., *et al.*,<br><br>             Defendants. | Case No. 2:24-cv-10638-FLA (AGRx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

**RULING**

On November 7, 2024, Plaintiff George Purtseladze ("Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court, asserting claims against Defendant Stanley Black & Decker, Inc. ("Defendant") for, *inter alia*, wrongful termination and violations of the California Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940, *et seq*, negligent hiring, negligence, and negligent infliction of emotional distress. Dkt. 2-1 ("Compl.").

On December 10, 2024, Defendant removed the action to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 2 ("NOR"). Defendant argues the amount in controversy exceeds $75,000, based on Plaintiff's claims for lost earnings, general damages, emotional distress, punitive damages, and attorney's fees. *Id.* at 3–7. On May 5, 2025, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 11. Defendant and Plaintiff filed responses to the OSC on May 19, 2025, and May 20, 2025, respectively. Dkt. 13 ("Def. Resp."); Dkt. 15 ("Pl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

1  Most commonly, federal courts have subject matter jurisdiction where: (1) an
2  action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2)
3  the amount in controversy exceeds $75,000, exclusive of interest and costs, and the
4  citizenship of each plaintiff is diverse from that of each defendant (diversity
5  jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of
6  Congress expressly, "any civil action brought in a State court of which the district
7  courts of the United States have original jurisdiction[] may be removed by the
8  defendant or the defendants" to the district court for the district and division where the
9  action is pending.  28 U.S.C. § 1441.
10  A defendant's notice of removal must include "a plausible allegation that the
11  amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*
12  *Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or
13  the court questions, the defendant's allegation," "both sides [must] submit proof," at
14  which point "the court decides, by a preponderance of the evidence, whether the
15  amount-in-controversy requirement has been satisfied." *Id.* at 88–89.  Courts "strictly
16  construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction
17  must be rejected if there is any doubt as to the right of removal in the first instance."
18  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption'
19  against removal jurisdiction means that the defendant always has the burden of
20  establishing that removal is proper." *Id*.
21  Defendant contends the amount in controversy exceeds the jurisdictional
22  minimum of $75,000, and points to Plaintiff's requests for lost wages, attorney's fees,
23  emotional distress damages, and punitive damages as evidence.  Def. Resp. at 4.  The
24  court will address each item of relief requested in turn.
25      **A.**    **Lost Wages**
26  Defendant believes "Plaintiff's lost wages claim may exceed $75,000 based on
27  Plaintiff's former salary of $64,500 per year, the approximately thirteen months since
28  Plaintiff's termination, and the unknown extent of Plaintiff's alleged lost wages."

Def. Resp. at 4; *see also* Dkt. 14-1 at 2.

Courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through the trial date in this action. Without making any related legal or factual determinations, the court will estimate nine (9) months of lost wages—using the date of Plaintiff's alleged termination (late-March 2024) to the date of removal (mid-December 2024). Accordingly, the court will consider only Plaintiff's claim for lost wages of approximately $48,375 in determining the amount in controversy.

**B.     Emotional Distress**

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "While … jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required to include emotional distress damages in the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is … insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

///

Here, Defendant's arguments and evidence supporting the potential award of emotional distress are unpersuasive. *See* Def. Resp. at 5–6. Although Defendant cites cases where courts awarded emotional distress damages in the context of wrongful termination, Defendant fails to identify specific facts about how this action is similar to those cases, beyond noting they involve similar mental disabilities. *See id.*; *see also Chaves v. The Childrens Place, Inc.*, Case No. 2:21-cv-00735-RGK (JPRx), 2021 WL 351974, at *1 (C.D. Cal. Feb. 2, 2021) (remanding case for insufficient amount in controversy because "emotional distress damages in one case does not indicate that Plaintiff would be expected to obtain the same amount here."). Defendant, thus, fails to meet its burden to establish any specific amount of emotional distress damages should be included in the amount in controversy. *See Rybalnik*, 2012 WL 4739957, at *3.

### C. Punitive Damages

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* Accordingly, a removing defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant notes Plaintiff seeks punitive damages in the Complaint, and that such damages may be included in assessing the amount in controversy. Def. Resp. at 6–7. As with Plaintiff's request for emotional distress damages, however, Defendant does not explain why any particular facts pleaded might warrant punitive damages if proven or identify any comparable cases in which a specific amount of punitive damages was awarded based on similar facts as pleaded in the Complaint. *See id.*

Defendant, thus, fails to carry its burden to show any specific amount of punitive damages is in controversy in this case. *See Ogden*, 644 F. Supp. 3d at 564.

### D. Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, Defendant argues that Plaintiff alleges a right to recover attorney's fees under California Government Code § 12965(b)(6)—which allows the court, in its discretion, to award the prevailing party in a FEHA action reasonable attorney's fees and costs. Def. Resp. at 7. Defendant, however, fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if he prevails here. The mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if he prevails is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy. *Mullin v. FCA US, LLC*, No. 2:20-cv-02061-RSWL (PJWx), 2020 WL 2509081, at *4 (C.D. Cal. May 14, 2020). Defendant, thus, fails to meet its burden to demonstrate that its estimate of Plaintiff's attorney's fees is not speculative, and the court will not include this estimate in its amount in controversy calculations.

/ / /

/ / /

/ / /

6

**CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV29365. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: June 17, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge